IN THE UNITED STATES DISTRICT COURT
FOR THE _____ DISTRICT OF _____
_____ DIVISION

*(Write the District and Division, if any, of
the court in which the complaint is filed.)*

| | |
|---|---|
| Katherine A. Cureton<br>11800 Old Georgetown Rd, N. Bethesda, MD 20852<br>VS<br><br>C/O Jeh Charles Johnson, Secretary Department of Homeland Security<br><br>**Department of Homeland Security, Office of Chief Financial Officer, Rhonda Brooks, Director Administration & Logistics, Keisha Monroe, Office of Chief Human Capital Officer**<br><br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | **Complaint for a Civil Case**<br><br>Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial:   ☒ Yes   ☐ No<br>*(check one)*<br><br>Case: 1:16-cv-01270         (H-Deck)<br>Assigned To : Leon, Richard J.<br>Assign. Date : 6/23/2016<br>Description: Employ Discrim.  Jury Demand |

RECEIVED
JUN 15 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | Katherine A. Cureton |
  | Street Address | 11800 Old Georgetown Road |
  | City and County | North Bethesda, Montgomery County |
  | State and Zip Code | Maryland , 20852 |
  | Telephone Number | 3014686222 |
  | E-mail Address | katiecureton@msn.com |

  B. **The Defendant(s)**

  Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

  Defendant No. 1

  | | |
  |---|---|
  | Name | Rhonda Brooks |
  | Job or Title | Director Administration & Logistics, Office of the Chief Financial Officer Department of Homeland Security |
  | Street Address | 301 7th and D Street |
  | City and County | Washington, DC |
  | State and Zip Code | |
  | Telephone Number | |
  | E-mail Address | Rhonda.Brooks@hq.dhs.gov |

  Defendant No. 2

  | | |
  |---|---|
  | Name | Keisha Monroe |
  | Job or Title | Management & Program Analyst, Office of Human Capital Officer Department of Homeland Security |
  | Street Address | |
  | City and County | Washington, DC |
  | State and Zip Code | |

2

|  |  |
|---|---|
| Telephone Number | |
| E-mail Address | Keisha.Monroe@hq.dhs.gov |

Defendant No. 3

|  |  |
|---|---|
| Name | Jeh Charles Johnson |
| Job or Title | Secretary Department of Homeland Security |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

Defendant No. 4

|  |  |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

II.  **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question     ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A. **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

**Age Discrimination in violation of ADEA, harassment and retaliation**

_____

_____

_____

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or is* incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

$207,173 (back pay)

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff cleared security with the Department of Homeland Security on October 16, 2012 for a Program Specialist Position assigned to the Office of Chief Financial Officer. On October 17, 2012, Plaintiff received a final offer of employment for a General Administrative Student Trainee, 399, GS9. Plaintiff was enrolled in Master of Science at George Washington University and the opportunity was made available via President Obama's Executive Order 13562 for Pathways. Plaintiff EOD October 22, 2012 and reported to Rhonda Brooks, Director of Administration and Logistics. At the time of Plaintiff's receipt of final offer of employment and date of EOD, the Department of

Homeland Security, Office of the Chief Human Capital Officer had not finalized or issued to the Standard Operating Procedures for DHS components; however, the final rules issued by the Federal Register in May 2012 were available. Plaintiff was assigned a senior management level position delegated by Rhonda Brooks to bring the Office of the Chief Financial Officer 12 divisions, 300 employees into compliance with the President's Executive Order and Presidential Memorandum on Managing Government Records. At the time Plaintiff EOD, October 22, 2012, Plaintiff had attained a Masters of Education and completed approximately 18 graduate hours in Project Management at GWU; however, Ms. Brooks through Keisha Monroe compensated the Plaintiff as a student with no professional experience or attained graduate work. Conversely, another Pathways participant, younger than Plaintiff, EOD approximately August 2012, with no completed Master's degree, and earned equivalent to Plaintiff. There were other younger workers assigned to Ms. Brooks' supervision that earned more than the Plaintiff and had less education, experience, assigned agency duties. The federal register issued the final rules for Pathways in May 2012 and granted agencies 6 months to come into compliance; however, Plaintiff contends that the agency discriminated against her because it was aware of the final rules and its intention to assign a senior management level duty to the Plaintiff prior to Plaintiff's EOD. At the time of EOD, Plaintiff was 41 years of age and the Plaintiff's supervisor, Rhonda Brooks was approximately 58 years old. She authorized Plaintiff's pay grade at GS9 although she contended that classification and pay are a Human Capital function. The federal register doesn't limit the pay grade of any student intern participant and instructs participants to pursue legal action against any agency abusing the Pathways program to discriminate against older participants with prior graduate degrees, prior experience and who are seeking a change in careers or simply returning to the workforce after childrearing. During a June 2013 meeting with Ms. Brooks, she acknowledged a pay disparity and offered to pay for the Plaintiff's remaining coursework at UC Berkeley Extension online Certificate of Project Management. Plaintiff completed 4 registration forms for the courses and presented them to Rhonda Brooks on or about September 20, 2013. Plaintiff had to be enrolled in the coursework to continue as a Pathways participant fall 2013. Upon filing an informal EEO complaint approximately September 16, 2013, Plaintiff was repeatedly harassed and retaliated against by Ms. Brooks and others. After the government shutdown of FY 14, October 1-16, Ms. Brooks informed Plaintiff that she was not enrolled in enough coursework and requested that Plaintiff leave the agency. Plaintiff informed Rhonda that she would relocate and pursue another Pathways position under the same appointment granted by DHS through October 2014. At NO POINT during the discussion, in an e-mail or other communication did Ms. Rhonda Brooks inform Plaintiff that the position must be secured at another office under the same appointment prior to leaving the agency in January 2014. Ms. Brooks extended Plaintiff through October 2014 on or about August 10, 2013. When Plaintiff requested to fund the remaining courses in December 2013 and

leave the agency in April 2014, after completing the graduation requirements at UC Berkeley Project Management Program, Rhonda Brooks denied the Plaintiff's request. In fact, Ms. Brooks attempted to force the Plaintiff to resign effective November 20, 2013 in retaliation to the formal EEO complaint dated September 30, 2013. Plaintiff returned from leave on or about October 29, 2013 and Ms. Brooks reassigned Plaintiff to provide support to a Director in the Program Analysis & Evaluation division. Plaintiff out briefed the previous Executive Assistant on Records Management responsibilities in August 2013; however, the agency continued to pay the federal contractor for a vacancy that was never backfilled from August 2013 until November 2013 when the Director began reviewing resumes of candidates compiled by the Plaintiff. The Director of PA&E created a hostile work environment for the Plaintiff immediately. The Director's division had previous physical security violations and the Plaintiff in conjunction with his POC and a physical security specialist consistently had to meet with staff and retrain on the proper use of the physical security containers emphasizing the importance of not breaching confidential government records. The POC constantly sought support of the Plaintiff with regard to concerns in how the staff of PA&E neglected their duty and responsibility in securing the safes and the Director wasn't pleased with the actions of the Plaintiff to support his POC for physical security. He alleged that Plaintiff was not exemplifying appropriate customer service skills while temporarily supporting his division amongst other allegations. Plaintiff's supervisor Rhonda Brooks reassigned Plaintiff on or about November 12, 2013 after Plaintiff reported that the Director's temperament made her feel uncomfortable during an afternoon briefing. On or about April 22, 2014, Plaintiff arrived at the headquarters building for a lunch appointment with a former colleague within the Budget Division and during Plaintiff's check in with security at 301 7th & D street which includes body scan and scan of belongings, a Physical Security specialist whom Plaintiff had worked with on the Physical security project at OCFO recognized Plaintiff and offered to escort Plaintiff to the 4th floor. Plaintiff obtained a visitor's pass after showing passport and was escorted up. Plaintiff was waiting by the elevator to exit the building on the 4th floor and was approached by two gentlemen inquiring about the Plaintiff's presence in the building. Plaintiff's visitor's badge was visible and the gentlemen informed Plaintiff that a subordinate of Rhonda Brooks had contacted the Chief Security Officer for DHS-HQ with concerns of Plaintiff's presence in the building. On or about June 6, 2014, Plaintiff contacted the Director at OCFO Workforce Development Division inquiring about a Project Analyst Position at OCFO. The Director informed Ms. Brooks and Ms. Brooks instructed the Director to not respond to Plaintiff. Plaintiff was never considered or interviewed for the position.

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**Plaintiff seeks compensation from October 22, 2012 through present as follows: Difference of GS12 and GS9 salary during FY13 and through April 18, 2014 of $52,193, May 1, 2014 through May 1, 2015, GS12 salary of $77,490, May 2, 2015 through May 2, 2016 GS12 salary $77,490 Plaintiff has submitted approximately 100 fed applications to federal agencies since June 2014 and hasn't received an offer of employment. Plaintiff's supervisor, Rhonda Brooks' name and contact information appear on Plaintiff's SF50.**

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 15, 2016

Signature of Plaintiff   *Katherine A. Cureton*

Printed Name of Plaintiff   Katherine A. Cureton

B. **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney          _____
Printed Name of Attorney       _____
Bar Number                     _____
Name of Law Firm               _____
Address                        _____
Telephone Number               _____
E-mail Address                 _____

# Cleared Security

Sandhoo, Shikha

Tue 10/16/2012 9:58 AM

To: katiecureton@msn.com <katiecureton@msn.com>;

Good morning Ms. Cureton,

You cleared security with the Department of Homeland Security for the Program Specialist position. Did you have a start date in mind?

Thank you,

Shikha Sandhoo
HR Specialist
DHS
202-357-8328

U.S. Department of Homeland Security
Washington, DC 20528

September 23, 2013


Homeland Security

To Whom It May Concern:

It is with great pleasure to recommend Katherine A. Cureton as a candidate for a position in management within your organization.

Katherine came to the Department of Homeland Security in October 2012 from George Washington University's School of Business. She was recruited to devise and implement a compliance project at DHS headquarters for the Office of the Chief Financial Officer. OCFO has approximately 10 operational divisions as well as a Communications team and Executive Secretariat staff who support the CFO directly. DHS-OCFO has approximately 250 employees with a FY13 operating budget of approximately $65B.

Katherine developed the FY13 Records Management compliance project in response to President Obama's Executive Order 13589 and the Presidential Records Management Directive. Each DHS component including OCFO is required to identify their official government records, utilizing the Records Schedules created by the DHS Records Officer and adhere to the disposition instructions according to their line of business.

With very little knowledge of Records Management, Katherine was able to use her relationship building skills to establish a relationship with the Records Specialist from my team and me. Her ability to work well with my team at headquarters resulted in an effective project plan for OCFO.

Throughout the project lifecycle, Katherine facilitated 72 Executive Briefings and project status meetings for the OCFO Division directors and project teams. The project initiated and closed out on time. She participated at the Records Management monthly support component meetings from November 2012 to present and willingly provides updates regarding the progress of the project, best practices and lessons learned in OCFO.

Katherine has the ability to be a successful leader and manager in any industry. I strongly urge you to interview her to determine if her impressive skill set meshes well with your organization's mission.

If you require any additional information on this viable candidate, please do not hesitate to contact me.

Regards,

Tammy Hudson
DHS Records Officer
Tammy.Hudson@hq.dhs.gov

Carlton Evans
Records Specialist
Carlton.Evans@hq.dhs.gov

www.dhs.gov

David Q. Lockard
10423 N. McClellan Dr.
Fredericksburg VA 22408
Dave.lockard@gmail.com
202.787.0771

Tuesday, May 24, 2016

To Whom It May Concern:

My name is David Q. Lockard, and I am writing on behalf of Katherine Cureton. Since 2011, I have worked for the Department of Homeland Security as a Record Specialist, and work directly for the Agency Records Officer.

I have had the pleasure of working with Katherine Cureton throughout the duration of a Records Management Compliance project she completed in 2013 while at the Department of Homeland Security. The project entailed crafting a project plan to identify and correct records management deficiencies within the Office of the Chief Financial Officer, as well as establish a routine basis for the ongoing records management compliance with Agency instructions and directives.

Ms. Cureton demonstrated an eagerness to learn, a willingness to adapt, and a proficiency in success. At the onset of the project, Ms. Cureton quickly identified not only the measures by which to succeed, but also the most efficient path to execute. She initiated a project, which included oversight, compliance, accountability, and new skills. Ms. Cureton was responsible for the success of the project across 12 divisions within OCFO, and quickly garnered the trust from all of the division directors to succeed. She was able to facilitate training sessions across all of the divisions to encourage her delegates and subordinates timely and accurate completion.

Not only did Ms. Cureton complete the project within scope and schedule, she also proved a valuable asset as a role model for other programs outside of OCFO to emulate. Using the work products created by Ms. Cureton, I leveraged her successes to initiate similar projects across the Department's Headquarters offices. She represented her agency and program well while briefing leadership, developed clear and concise strategic plans, and managed all aspects of a complex project in a timely manner.

Ms. Cureton has proven to be an asset to my program's objectives, a mentor to her peers, and a valuable resource to all the Department. I can recommend for your consideration Ms. Katherine Cureton without reservation.

Respectfully,

David Q. Lockard